BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:13-CV-00527-KJM-KJN |
| Plaintiff, | FINAL JUDGMENT OF FORFEITURE |
| v. | |
| REAL PROPERTY LOCATED AT 8263 FIELDPOPPY CIRCLE, SACRAMENTO, CALIFORNIA, SACRAMENTO COUNTY, APN: 115-0231-027-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| Defendant. | |

Pursuant to the Stipulation for Final Judgment of Forfeiture, the Court finds:

1.  This is a civil forfeiture action *in rem* brought against certain real property located at 8263 Fieldpoppy Circle, Sacramento, California, Sacramento County, APN: 115-0231-027-0000, including all appurtenances and improvements thereto (hereafter "defendant property"), and more fully described as:

> The land referred to is situated in the unincorporated area of the County of Sacramento, State of California, and is described as follows:
>
> Lot 72, as shown on the "Plat of Country Park South Unit No. 1", recorded in Book 117 of Maps, Map No. 19, records of said County.
>
> EXCEPTING THEREFROM all minerals, oil, gas and other hydrocarbon substances lying below a depth of 500 feet from the surface of said land without the right of surface entry, as reserved in the Deed recorded

1

December 12, 1977, in Book 77-12-12 of Official Records at Page 448.

APN: 115-0231-027-0000

2. A Verified Complaint for Forfeiture *In Rem* ("Complaint") was filed on March 18, 2013, alleging that said defendant property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(7).

3. On March 21, 2013, the defendant property was posted with a copy of the Complaint and Notice of Complaint.

4. Beginning on July 4, 2013, for at least thirty consecutive days, the United States published Notice of the Forfeiture Action on the official internet government forfeiture site www.forfeiture.gov. A Declaration of Publication was filed on August 9, 2013.

5. In addition to the public notice on the official internet government forfeiture site www.forfeiture.gov, actual notice or attempted notice was given to the following individuals:

    a. Xiu Zhen Wu
    b. Jing Qlu

6. Claimant Xiu Zhen Wu filed a claim to the defendant property on May 25, 2013, and an answer to the complaint on June 20, 2013. No other parties have filed claims or answers in this matter, and the time in which any person or entity may file a claim and answer has expired.

7. The Clerk of the Court entered a Clerk's Certificate of Entry of Default against Jing Qlu on August 27, 2013. Pursuant to Local Rule 540, the United States and the claimant thus join in a request that as part of the Final Judgment of Forfeiture in this case, the Court enter a default judgment against the interest, if any, of Jing Qlu without further notice.

Based on the above findings, and the files and records of the Court, it is hereby

///

ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

2. That judgment is hereby entered against claimant Xiu Zhen Wu and all other potential claimants who have not filed claims in this action.

3. All right, title and interest of Xiu Zhen Wu in the defendant property shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7).

4. The U.S. Marshals Service (or a designee) shall list and sell the defendant property for a minimum listing price of $165,000.00.  If the real estate broker recommends a higher or lower price for listing and/or sale, the United States and claimant will agree to that price.

5. The U.S. Marshals Service shall have sole authority to select the means of sale, including sale by internet or through a licensed real estate broker, and shall have sole authority over the marketing and sale of the defendant property.

6. The U.S. Marshals Service shall have the defendant property appraised by a licensed appraiser of its choosing.  The U.S. Marshals Service and the appraiser may have access to the defendant property and structures, buildings or storage sheds thereon upon 24 hours telephonic notice.

7. If necessary, the U.S. Marshals Service, and any real estate broker employed by the U.S. Marshals Service, shall have the right to put a "lock box" on the property to facilitate the marketing and sale of the property.

8. The following costs, expenses and distributions shall be paid in escrow from the gross sales price in the following priority and to the extent funds are available:

    (a) The costs incurred by the U.S. Marshals Service to the date of close of escrow, including the cost of posting, service, advertising, and maintenance.

    (b) Any unpaid real property taxes, which shall be prorated as of the date of the entry of the Final Judgment of Forfeiture.

    (c)    A real estate commission not to exceed the U.S. Marshals Service contractual brokerage fee.

    (d)    The seller shall pay any county transfer taxes.

    (e)    To the United States of America:  55% of the net proceed from the sale of the defendant property.  All right, title and interest in said funds shall be substituted for the defendant property and forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7), to be disposed of according to law.

    (f)    To claimant Xiu Zhen Wu:  45% of the net proceeds from the sale of the defendant property, returned through attorney Mark N. Franklin.

9. Any liens or encumbrances against the defendant property that appear on record subsequent to the recording of the *lis pendens* on March 20, 2013, and prior to the close of escrow may be paid out of escrow.  The United States may pay any such lien or encumbrance at its sole discretion.

10. The costs of a lender's policy of title insurance (ALTA policy) shall be paid for by the buyer.

11. All loan fees, "points" and other costs of obtaining financing shall be paid for by the buyer of the defendant property.

12. Each party to this stipulation shall execute all documents necessary to close escrow, if such signatures are required by the title insurer.

13. The United States and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the filing of the Complaint and the posting of the defendant property with the Complaint and Notice of Complaint.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of or in any way connected with the filing of the Complaint and the posting of the defendant real property with the Complaint and Notice of Complaint, as well as to

4

Final Judgment of Forfeiture

those now known or disclosed.  The parties waived the provisions of California Civil Code § 1542.

14.   Claimant Xiu Zhen Wu represented that she will not take any action, or cause any other person to take any action, to damage or modify the defendant property from its present condition or other action that may result in a reduction in value of the defendant property.

15.   Claimant Xiu Zhen Wu shall remove all personal possessions, and the personal possessions of any former occupant, including all vehicles, furniture, and trash, and will leave the property clean and in the same state of repair as the property was on the date it was posted.  Any and all of claimant's personal possessions, and the personal possessions of any former occupant, not removed within 72 hours after the entry of the Final Judgment of Forfeiture will be disposed of by the United States without further notice.

16.   Pursuant to the stipulation of the parties, and the allegations set forth in the Complaint filed on March 18, 2013, the Court finds that there was reasonable cause for the filing of the Complaint and the posting of the defendant property with the Complaint and Notice of Complaint, and for the commencement and prosecution of this forfeiture action, and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

17.   All parties are to bear their own costs and attorneys' fees.

18.   The U.S. District Court for the Eastern District of California, Hon. Kimberly J. Mueller, District Judge, shall retain jurisdiction to enforce the terms of this Final Judgment of Forfeiture.

SO ORDERED THIS 7th day of October, 2013.

_____
UNITED STATES DISTRICT JUDGE

///

CERTIFICATE OF REASONABLE CAUSE

Based upon the allegations set forth in the Complaint filed March 18, 2013, and the Stipulation for Final Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the filing of the Complaint and the posting of the defendant property with the Complaint and Notice of Complaint, and for the commencement and prosecution of this forfeiture action.

DATED:  October 7, 2013.

_____
UNITED STATES DISTRICT JUDGE